SAMUEL BLANCHARD *vs.* WARD W. CHILD.

A sale and delivery of a chattel, on condition that the title shall remain in the vendor until payment of the price, vests no title in the purchaser before such payment, which will pass, as against the vendor, by a sale on execution against the purchaser.

The testimony of a bystander at a conditional sale of a chattel is admissible to prove the terms of the sale against one claiming under the purchaser, and who was not present at the sale.

If the purchaser of goods sold on condition procures them to be sold on execution against him to one who has knowledge of the condition, the original vendor may maintain replevin against the second purchaser, without a previous demand.

REPLEVIN of an omnibus. At the trial in the court of common pleas, before *Sanger*, J., there was evidence tending to prove these facts :

In August 1854 the plaintiff was the owner of the omnibus, and delivered it to one Crawford under an agreement that he might take it and use it, and that it should become his property on payment of one hundred and fifty dollars, but if he failed to pay that sum, it should remain the property of the plaintiff, and Crawford should pay a reasonable price for the use of it. No time of payment or terms for its use were ever agreed upon; and no part of the price was ever paid. Crawford took the omnibus, and repaired it, and painted his name upon it, and used it until January 1855, when it was attached as his property at the suit of the defendant, and sold on execution to the defendant. After the seizure and before the sale, the attaching officer and the attorney of the defendant had notice that it was the plaintiff's property.

The plaintiff called a witness to prove the agreement under which the omnibus was delivered to Crawford. The defendant objected, because the defendant was not present at the interview, and because Crawford might be called as a witness. But the court admitted the evidence.

The defendant also objected that, upon the facts proved, the action could not be maintained without proof of a demand. But the court instructed the jury, that if the omnibus was delivered into Crawford's possession under an agreement that it should remain the plaintiff's property until paid for, and it had not been paid for, it was still the plaintiff's property; and if Crawford procured the omnibus to be seized and sold on execution, as his property, for the payment of his own debt, or aided therein by any act of his, and the defendant purchased the property, knowing the plaintiff's claim to it, this action might be maintained without a previous demand. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*J. M. Randall*, for the plaintiff

BIGELOW, J. 1. The sale of the omnibus on a condition which had not been complied with by the vendee vested no title in him, which could pass by the sale on execution to the defendant. The right of property still remained in the plaintiff. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 545. *Sargent* v. *Metcalf*, 5 Gray, 306.

2. The evidence offered to prove the agreement of sale was clearly competent. It was not hearsay, but legal proof of a contract of which there was no other or better evidence. It was evidence of a fact, and not of a mere conversation or declaration. It being necessary to prove the agreement, of which there was no written evidence, it might be shown by the testimony of any one who was present when it was made. It was not necessary to prove it by the testimony of one of the parties to the contract. His evidence might have been more satisfactory and decisive; but it was no better evidence, in a legal sense, than that of any third person who was present when the agreement was made.

3. Under the circumstances stated in the instructions of the judge, no demand was necessary to enable the plaintiff to maintain this action. There was a wrongful sale of the plaintiff's property by the bailee, in denial of the plaintiff's right, participated in by the defendant, who claimed to hold the property by a title inconsistent with and adverse to the right of the plaintiff. This amounted to a conversion; and the plaintiff having the general property in the chattel, thereby became entitled to its immediate possession. 2 Greenl. Ev. § 642. *Edwards* v. *Hooper*, 11 M. & W. 363.     *Exceptions overruled.*